UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-21441-CIV-SINGHAL

OMNI AR, LLC,

      Plaintiff,

v.

JETONEX, LLC,

      Defendant.
_____/

**ORDER ON MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Entry of Default Final Judgment (the "Motion"). (DE [10]). The Court has carefully considered the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted.

I.    INTRODUCTION

Defendant was served on March 28, 2025, (DE [8]) but did not respond to the Complaint. A Clerk's Default was entered on April 21, 2025. (DE [9]). Plaintiff now moves for entry of a default final judgment on the Complaint. The Complaint seeks damages under theories of breach of contract or, alternatively, account stated and unjust enrichment (DE [1] ¶¶ 55, 61). The Motion seeks Default Final Judgment on the breach of contract claim.

II.    LEGAL STANDARDS

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise

defend the lawsuit, the Clerk of Court must enter a clerk's default against the defendant. Second, when the requirements for a clerk-entered default judgment cannot be met under Rule 55(b)(1), the plaintiff must apply to the court for a default judgment under Rule 55(b)(2)." *Cleveland v. JH Portfolio Debt Equities, LLC,* 2020 WL 8167356, at *2 (S.D. Ala. Nov. 23, 2020), *report and recommendation adopted,* 2021 WL 136287 (S.D. Ala. Jan. 13, 2021).

Upon entry of a default, the defendant admits the plaintiff's well-pleaded allegations of fact. *Lary v. Trinity Physician Financial & Ins. Services,* 780 F.3d 1101, 1106 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). "A defendant's default alone does not warrant the entry of a default judgment." *Id.* (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.")). "Rather, a court must ensure there is a sufficient basis in the pleadings for the judgment to be entered." *Id*. "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Foundation,* 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation omitted).  The Eleventh Circuit has stated that a default judgment may only be entered where the Complaint is sufficient to withstand a motion to dismiss.  *Id.* ("Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim."). Further, the court may not enter a judgment of default awarding cash damages without a hearing "unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Anheuser Busch, Inc. v. Philpot,* 317 F.3d 1264, 1266 (11th Cir. 2003)

(quoting *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543-44 (11th Cir. 1985)); Fed. R. Civ. P. 55(b)(2).

   III.   DISCUSSION

      A. Factual Allegations

By virtue of Defendants' default, the allegations of the Complaint (DE [1]) are deemed admitted. The Complaint alleges the following facts.[1]

Both Plaintiff and Defendant are limited liability companies. *Id.* ¶¶ 1-6. The members of each party are diverse and the amount in controversy exceeds the statutory amount and, therefore, the Court has diversity jurisdiction over this matter. 28 U.S.C. § 1332.

Defendant is the owner or lessee of several aircraft and is engaged in the business of, among other things, aircraft and cargo maintenance. (DE [1] ¶ 13). On May 26, 2022, Defendant executed a purchase order with First Class Air Support, LLC ("First Class") for the purchase of several pieces of aircraft equipment. *Id.* ¶ 14. The purchase order totaled $999,000.00. *Id.* ¶ 15. First Class fulfilled the purchase order, but Defendant did not pay the full balance owed. *Id.* ¶ 16-17. To date, Defendant has paid $351,400 of the outstanding balance. *Id.*

On or about February 26, 2025, First Class assigned, sold, and transferred to Plaintiff all ownership rights of and all rights to and under the purchase order, the invoices, and all related documents giving Plaintiff all rights to enforce, pursue, and collect the full outstanding balance owed by Defendant. *Id.* ¶ 18. The outstanding principal balance owed by Defendant is $647,600.00. *Id.* ¶ 19.

---

[1] The Motion is supported by an affidavit of Taylor Lugo, Manager for Omni AR, LLC. (DE[10-1]).

### B. Breach of Contract

The uncontested and admitted allegations of the Complaint, the attachments thereto, and the affidavit of Taylor Lugo establish that Defendant is in breach of the purchase order contract as alleged in the Complaint and that Plaintiff is entitled to recover all amounts due under the contract. Plaintiff is, therefore, entitled to Default Final Judgment of the principal amount of $647,600.00.

### C. Taxable Costs

Federal Rule of Civil Procedure 54(d)(1) provides in relevant part that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The court finds that Plaintiff is entitled to an award of costs against Defendant, and that Plaintiff's costs of $494.00 incurred in this action are reasonable and necessary. These costs -- the fees of the Clerk and service of process -- are supported by affidavit (DE [10-1]) and are allowable under 28 U.S.C. § 1920.

### D. Account Stated and Unjust Enrichment Claims

Plaintiff's Complaint (DE [1]) also alleges claims for account stated (Count II) and unjust enrichment (Count III). These claims were pled in the alternative and Plaintiff does not seek relief on those claims in its Motion for Default Final Judgment. Because they were pled alternatively and not pursued, it appears that Plaintiff has abandoned those claims. The Court will, therefore, dismiss Counts II and III without prejudice.

## IV. CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Final Judgment (DE [10]) is **GRANTED**. Plaintiff is entitled to Default Final Judgment against Defendant in the amount of $674,600 in damages and taxable costs in the amount of $494. Pursuant to Fed. R. Civ. P. 58(a) a separate Final Judgment will be entered. Further, it is

**ORDERED AND ADJUDGED** that Counts II and III of the Complaint are **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 30th day of April 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF